# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW HAMPSHIRE

Andre R. Levesque

   v.                                         Civil No. 09-cv-055-SM

State of Vermont, et al.

## REPORT AND RECOMMENDATION

     Before the Court is Andre Levesque's complaint (document no. 1), seeking damages against the State of Vermont, the Vermont State Hospital, private medical and mental health care providers, and doctors employed by both the State of Vermont and the private providers. Because Levesque is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether Levesque has stated any claim upon which relief might be granted. See 28 U.S.C. § 1915(e)(2); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

### Standard of Review

    Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(1)(B). In

conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

The complaint submitted in this matter lacks clarity and precision and, as such, is extremely hard to decipher. Generously reading and construing the allegations made by

Levesque, however, I find that he has asserted the following facts in support of the claims raised here.  Levesque alleges that, in an effort to enrich themselves by defrauding the Medicare system, defendants engaged in tortious acts against him.  Specifically, Levesque alleges that doctors at Fletcher Allen Health Care in Vermont threatened, intimidated, and harassed him so that he would submit to an unnecessary CT scan.  Levesque further alleges that a doctor at the Vermont State Hospital, as well as Dr. Dunken and Dr. Stiengard, committed perjury and malpractice, causing Levesque harm, in attempting to cover up the Medicare fraud.  The identified defendants also attempted to force Levesque to take medication that they would receive money to prescribe, and which was dangerous to Levesque and harmed him in a number of ways.  When Levesque objected to these measures, often by use of vulgar language, the defendants claimed that they were afraid of Levesque, or believed that he was engaging in intimidation, and used his behavior as a reason to forcibly subject him to treatment for their own benefit.

Discussion

I. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). The presumption is that a federal court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege and prove jurisdiction. See id. To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that his action involves either a federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331 & 1332. Here, Levesque has alleged complete diversity of the parties, in that he is in New Hampshire and each of the defendants is located in Vermont, and he has alleged that he is entitled to more than fifty million dollars in damages, far in excess of the $75,000 amount-in-controversy requirement. See 28 U.S.C. § 1332 (establishing the jurisdiction of the federal district courts over actions based on state law where the parties are of diverse citizenship and the amount in controversy exceeds

$75,000). Accordingly, Levesque has properly invoked the diversity jurisdiction of this Court.

II. <u>State Defendants</u>

"The Eleventh Amendment precludes [Levesque] from bringing suit against the state or state agencies, because it deprives the federal courts of subject matter jurisdiction over any action asserted by an individual against a state regardless of the nature of the relief sought." <u>Madden v. Vt. Sup. Ct.</u>, 236 Fed. Appx. 717, 718 (2d Cir. 2007) (citing <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984) and <u>Zuckerman v. App. Div.</u>, 421 F.2d 625, 626 (2d Cir. 1970)). Levesque has named the State of Vermont, and the Vermont State Hospital, a state agency, as defendants to this action. This Court does not have subject matter jurisdiction over the suit insofar as it is alleged against these two defendants. Accordingly, I recommend dismissal of the State of Vermont and the Vermont State Hospital from this action.

III. <u>Claims</u>

Levesque states that the actions of the defendants constituted criminal conduct as well as violations of his rights under state tort law. Levesque claims that the defendants

committed criminal fraud in that they were attempting to forcefully perform unnecessary procedures on him and prescribe unnecessary and dangerous medication for him in order to defraud the Medicare system.  Levesque has not alleged any basis, however, upon which he can ground a right to have criminal wrongdoers brought to justice.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another.").  I therefore recommend that all of Levesque's claims that arise out of the fact that defendants engaged in criminal conduct be dismissed.

    Levesque's remaining claims arise under state tort law. Levesque has alleged the minimum facts sufficient to assert that the defendants subjected Levesque to medical malpractice, as well as harassment and coercion intended to overbear his nonconsent to medical treatment, with resulting physical harm and emotional distress.  In an Order issued simultaneously with this Report and Recommendation, therefore, I will direct service of the state law tort claims on the private defendants in this matter.[1]

---

[1] A federal court may not sua sponte raise the issue of personal jurisdiction as the basis for dismissing a case, as personal jurisdiction is a waivable individual liberty right. See McBee v. Delica Co., 417 F.3d 107, 127 (1st Cir. 2005).  Levesque

6

Conclusion

For the foregoing reasons, I recommend dismissal of the claims arising out of the fact that defendants allegedly committed criminal acts, as well as defendants the State of Vermont and the Vermont State Hospital, from this action. In an Order issued simultaneously with this Report and Recommendation, I will direct that the state law claims be served against the private defendants named. Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    May 11, 2009

cc:    Andre R. Levesque, pro se

---

should be aware, however, that should the defendants in this case assert this Court's lack of personal jurisdiction as a defense, they would likely be successful as there is no apparent basis upon which this Court could exercise personal jurisdiction over the defendants in this case absent the defendant's waiver.