UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Andre R. Levesque,
        Plaintiff

        v.                                    Civil No. 09-cv-055-SM
                                              Opinion No. 2009 DNH 179
Fletcher Allen Health Care,
Howard Center, Inc.,
Richard Munson,
Robert Duncan,
FNU Pellitier,
Thomas Simpatico, and
Sandra Steingard,
        Defendants


**O R D E R**


        Plaintiff Andre R. Levesque commenced this action pro se and
in forma pauperis for damages against defendants the State of
Vermont, the Vermont State Hospital, Fletcher Allen Health Care
("Fletcher Allen"), Howard Center, Inc. ("Howard Center"), and
various doctors employed by the State of Vermont, Fletcher Allen,
and Howard Center.  Following a preliminary review, the
magistrate judge determined that Levesque's complaint was
facially adequate to allege state law tort claims against
Fletcher Allen, Howard Center, and the doctors, and directed that
they be served.  Before the court are: (1) Dr. Sandra Steingard's
motion to dismiss for lack of personal jurisdiction and
insufficient service of process; (2) Howard Center's motion to
dismiss for lack of personal jurisdiction; and (3) a motion to

dismiss for lack of personal jurisdiction brought by Fletcher
Allen and Drs. Munson, Duncan, and Simpatico, and a motion to
dismiss for insufficient service of process brought by Drs.
Munson, Duncan, and Simpatico.[1]  Levesque has not filed an
objection to any of the motions.  For the reasons set forth
below, the motions are granted.

I.    **BACKGROUND**

Levesque, a New Hampshire resident,[2] was, at unspecified
times, a patient at Fletcher Allen and Howard Center, both of
which are located in Burlington, Vermont.  Drs. Munson, Duncan,
and Simpatico treated Levesque at Fletcher Allen, while Dr.
Steingard treated him at Howard Center.

In his complaint, Levesque alleges that the doctors at
Fletcher Allen committed various torts in the course of providing
him with medical care.

---

[1] The complaint also names Dr. Pellitier (first name unknown) as
a defendant.  Dr. Pellitier has not filed a motion in this case.

[2] The complaint does not state whether Levesque was a resident of
New Hampshire at the time of the allegedly tortious acts.  When
he filed his complaint, Levesque listed his address as 3 Clark
Ave. in Loudon, New Hampshire.  (Compl. (document no. 1), at 10.)
Levesque later filed a change of address form listing his new
address as a post office box in Ellenburg Center, New York.
(document no. 5.)

## II.  **PERSONAL JURISDICTION**

When, as here, a defendant contests personal jurisdiction, the plaintiff bears the burden of establishing such jurisdiction. Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008); see also Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995).  When the court decides the motion to dismiss without holding an evidentiary hearing, the plaintiff must make a prima facie showing that the court has personal jurisdiction over the defendant.  United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp. (Pleasant St. I), 987 F.2d 39, 43 (1st Cir. 1993).

In applying the prima facie standard, the court takes the facts affirmatively alleged by the plaintiff as true and "construe[s] them in the light most congenial to the plaintiff's jurisdictional claim."  Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998).  Nevertheless, a plaintiff may not rest only on the pleadings but must base his argument for personal jurisdiction on specific facts set forth in the record.  Pleasant St. I, 987 F.2d at 44.  In reviewing the record, the court "'may consider pleadings, affidavits, and other evidentiary material without converting the motion to dismiss to a motion for summary judgment.'"  ICP Solar Techs., Inc. v. TAB Consulting, Inc., 413 F. Supp. 2d 12, 14 (D.N.H. 2006) (quoting

3

VDI Techs. v. Price, 781 F. Supp. 85, 87 (D.N.H. 1991)).  The
court also considers uncontradicted facts brought forth by the
defendants.  Mass. Sch. of Law, 142 F.3d at 34.  Although the
prima facie standard is a liberal one, the court need not
"'credit conclusory allegations or draw farfetched inferences'."
Id. (quoting Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201,
203 (1994)).

        Moreover, "'it is the plaintiff's burden to demonstrate the
existence of every fact required to satisfy both the forum's
long-arm statute and the Due Process Clause of the
Constitution'."  Negrón-Torres v. Verizon Commc'ns, Inc., 478
F.3d 19, 24 (1st Cir. 2007) (quoting United States v. Swiss Am.
Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001)).  New Hampshire's
long-arm statute authorizes jurisdiction to the full extent that
due process allows; therefore, the sole inquiry in this case is
whether the exercise of personal jurisdiction comports with due
process.  See Phillips Exeter Acad. v. Howard Phillips Fund,
Inc., 196 F.3d 284, 287 (1st Cir. 1999); Sawtelle, 70 F.3d at
1388.

        "A district court may exercise authority over a defendant by
virtue of either general or specific jurisdiction."  Mass. Sch.
of Law, 142 F.3d at 34.  A court has specific jurisdiction

"'where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts'." Negrón-Torres, 478 F.3d at 24 (quoting United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp. (Pleasant St. II), 960 F.2d 1080, 1088-89 (1st Cir 1992)).  A court has general jurisdiction where the defendant has engaged in "continuous and systematic" activity in the forum state.  Negrón-Torres, 478 F.3d at 25.  For both general and specific jurisdiction, due process requires that there exist "'minimum contacts' between the nonresident defendant and the forum . . . 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice'."  Id. at 24 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

III.  **DISCUSSION**

Levesque has submitted nothing to support his jurisdictional claims, and the complaint asserts no facts tending to show that any of the defendants have the necessary contacts with New Hampshire.  Indeed, Levesque has not even objected to the pending motions to dismiss.  Based on this record, Levesque has not met his burden to show that this court may exercise personal jurisdiction over any of the defendants.  Nevertheless, for the sake of completeness, the personal jurisdiction analysis for each defendant follows.

5

In determining whether specific personal jurisdiction exists, courts apply the three-pronged test of relatedness, purposeful availment, and reasonableness.  See Mass. Sch. of Law, 142 F.3d at 35.  The relatedness prong asks "whether the plaintiff['s] claim arises out of, or relates to, [the] defendant['s] in-forum activities."  Sawtelle, 70 F.3d at 1389. The purposeful availment prong asks whether "'the defendant's in-state contacts . . . represent a purposeful availment of the privilege of conducting activities in the forum state.'"  Id. (quoting Pleasant Street II, 960 F.2d at 1089).  Finally, the reasonableness prong asks whether exercising jurisdiction over the defendant would be reasonable in light of the Gestalt factors.  Sawtelle, 70 F.3d at 1389.

**1) Dr. Sandra Steingard**

Nothing suggests that the claims against Dr. Steingard are related in any way to her contacts with New Hampshire.  Dr. Steingard is a licensed physician practicing in Vermont.  She is employed by the Howard Center, which is also located in Vermont. Any alleged tort committed by Dr. Steingard occurred, if at all, while Levesque was a patient of hers in Vermont.  Moreover, Levesque has not shown that Dr. Steingard purposefully availed herself of doing business in New Hampshire.  Dr. Steingard does not solicit business in New Hampshire, does not maintain an

office in New Hampshire, and does not treat patients in New Hampshire.  Finally, this court need not consider reasonableness in light of the Gestalt factors because "the Gestalt factors come into play only if the first two [prongs] of the test for specific jurisdiction have been fulfilled."  <u>Pleasant Street II</u>, 960 F.2d at 1091 n.11.

### 2) Howard Center

Howard Center is located in Vermont and rendered services to Levesque in Vermont, so any tort Howard Center allegedly committed occurred, if at all, in Vermont.  Further, Levesque has failed to show that Howard Center purposefully availed itself of the privilege of conducting business in New Hampshire.  The mere act of treating Levesque, a patient who may have been a New Hampshire resident at the time of the alleged malpractice, does not plainly subject Howard Center to jurisdiction in New Hampshire.  <u>See</u> <u>Harlow v. Children's Hosp.</u>, 432 F.3d 50, 63 (1st Cir. 2005) ("Jurisdiction . . . does not travel with the plaintiff patient wherever [he] goes.").

### 3) Fletcher Allen Defendants

The allegations against the Fletcher Allen defendants relate to treatment Levesque received from Fletcher Allen, which is also located in Vermont, and from Drs. Munson, Duncan, and Simpatico,

all of whom are board-certified psychiatrists in Vermont.
Nothing in the record suggests any contacts with, or acts through
which the Fletcher Allen defendants purposefully availed
themselves of doing business in New Hampshire.

"The standard for evaluating whether . . . contacts satisfy
the constitutional general jurisdiction test 'is considerably
more stringent' than that applied to specific jurisdiction
questions." Noonan v. Winston Co., 135 F.3d 85, 93 (1st Cir.
1998) (quoting Glater v. Eli Lilly & Co., 744 F.2d 213, 216 (1st
Cir. 1984)).  Levesque has not satisfied the test for specific
jurisdiction with respect to any of the defendants; therefore, he
cannot satisfy the more stringent test for general jurisdiction.
In short, Levesque's complaint contains no facts showing that any
of the defendants have the type of "continuous and systematic"
contacts with New Hampshire necessary for the exercise
of general jurisdiction.  Negrón-Torres, 478 F.3d at 25.

Levesque has failed to satisfy the test for both specific
and general jurisdiction.  Accordingly, the motions to dismiss
for lack of personal jurisdiction (document nos. 13, 16, 20) are
granted.

The claims against Drs. Steingard, Munson, Duncan, and
Simpatico are also subject to dismissal for insufficient service
of process.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure,
service of process is effective if it is made in a manner
consistent with either federal law or the law of the state where
service is made.  See FED. R. CIV. P. 4(e)(1)-(2).  Vermont law
and federal law authorize service of process to be made in a
nearly identical manner — by delivering a copy of the summons and
complaint to the individually personally, by leaving a copy of
each at the individual's dwelling or usual place of abode, or by
delivering a copy of each to an agent authorized to receive such
process.  See FED. R. CIV. P. 4(e)(2)(A)-(C); VT. R. CIV. P.
4(d)(1).

In this case, neither Dr. Steingard nor Drs. Munson, Duncan,
and Simpatico were served in a manner consistent with Federal
Rule 4(e)(2) or Vermont Rule 4(d)(1).  The complaint and summons
was not delivered to any of the doctors personally, was not left
at their usual places of abode, and was not delivered to an agent
authorized to accept service on their behalf.  Instead, Cristan

Chandler, an attorney for Vermont State Mental Hospital,[3] accepted service on the doctors' behalf. Cristan Chandler was not authorized to accept service on the doctors' behalf. None of the doctors are employed by the State of Vermont or Vermont State Mental Hospital, and no other agency relationship is suggested by the record. See VT. R. CIV. P. 4(d)(1).

Accordingly, the motions to dismiss for insufficient service of process (documents no. 13 and 20) are also granted. Finally, Defendant Pellitier was not served within the time allowed (and no bases upon which to exercise personal jurisdiction over Pellitier is apparent). The complaint is dismissed in its entirety.

　　　　**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 30, 2009

cc:　Andre R. Levesque, pro se
　　　Nicole Andreson, Esq.
　　　Kenneth C. Bartholomew, Esq.
　　　Paul B. Kleinman, Esq.
　　　Sarah S. Murdough, Esq.

---

[3] The Process Receipt and Returns for Drs. Munson, Duncan, Simpatico, and Steingard indicate that service of the complaint and summons was sent to 103 S. Main St. in Waterbury, Vermont, which is the address of Vermont State Mental Hospital. (documents no. 8, 10, 11, 12.) Cristan Chandler of the legal department is listed as the individual served. Id.